UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JOHNNY RAY SUMMAGE** | **CIVIL ACTION NO. 11-2186-P** |
| **VERSUS** | **JUDGE STAGG** |
| **CADDO PARISH SHERIFF, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Johnny Ray Summage ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on December 20, 2011. Plaintiff is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He names the Caddo Parish Sheriff, the Caddo Parish Sheriff's Department, the Caddo Parish Deputies, and the Supervisor of the Caddo Parish Sheriff Department as defendants.

Plaintiff claims that in 1973, he was arrested without a warrant or a determination of probable cause. He claims that in 1973, he was convicted of second degree murder and sentenced to life imprisonment without a grand jury indictment.

Plaintiff claims that after his conviction, Defendants transferred him to Keithville, Louisiana, Natchez, Mississippi, Woodville, Mississippi, St. Francesville, Louisiana, and then Angola, Louisiana without a warrant for removal and committed him to the Louisiana State

Penitentiary.  He claims he was transferred from state to state without proper authority over his objections and in violation of his rights.

Plaintiff claims the interstate transportation documents were invalid because in his criminal case there was no indictment, bill of information, or warrant for removal to transfer him from Shreveport to the Louisiana State Penitentiary.  He claims there was not probable cause or a warrant to support his criminal commitment to the Louisiana State Penitentiary.

Accordingly, Plaintiff seeks declaratory and injunctive relief and any other relief to which he is entitled.

**LAW AND ANALYSIS**

Plaintiff is seeking declaratory and injunctive relief for an alleged unconstitutional conviction and sentence.  The United States Supreme Court held that in order to recover monetary damages for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Courts have also extended the holding in Heck to claims seeking injunctive or declaratory relief pursuant to 42 U.S.C. § 1983.  See Edwards v. Balisok, 520 U.S. 641,648, 117 S.Ct. 1584, 1589, 137 L.Ed.2d 906 (1997); Clark v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998).  Heck involved a civil rights claim brought by a state prisoner.  The Court dismissed the Section 1983 suit until plaintiff

could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking injunctive and declaratory relief for civil rights violations under Section 1983; therefore, he must prove that his conviction or sentence has been invalidated. He has not met this precondition and his claims must be dismissed until such time that he can demonstrate that his conviction or sentence has been invalidated.

Accordingly, Plaintiff's claims should be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e) until such time as the Heck conditions are met.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint seeking injunctive and declaratory relief for his alleged unconstitutional conviction and sentence be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 16th day of July 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE